IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TROY ANDERSON, | ) | No. C 09-3310 JSW (PR) |
| Plaintiff, | ) ) | |
| v. | ) ) | **SECOND ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al, | ) ) ) ) | (Docket No. 9) |
| Defendants. | ) ) | |

Plaintiff, a previously incarcerated California State prisoner, filed a civil rights complaint which was largely incomprehensible. After the Court's initial review, Plaintiff's complaint was dismissed and Plaintiff was provided with leave to file an amended complaint which clearly identified the substance of his complaint. Plaintiff has filed an amended complaint and a motion to amend, which is now GRANTED (docket no. 9). In this order, the Court reviews Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A and again dismisses the amended complaint with leave to amend within thirty days. Plaintiff will be given one final opportunity to amend his complaint to provide facts regarding the alleged constitutional violations.

## DISCUSSION

As this Court has previously notified Plaintiff with regard to his original complaint, the amended complaint contains unnecessary and incomprehensible legal language, but no specific facts regarding the alleged violations of his rights. Plaintiff's amended complaint

challenges the actions of parole officials in the San Francisco County office, including Gloria Curcio and Mr. Wong with regard to actions taken during the period of "10/07-7/08". However, Plaintiff has failed to clearly identify the basis for claims he wishes to raise, and to set forth a clear and concise statement of facts regarding the actions of each named Defendant that give rise to the complaint. Therefore, the complaint is dismissed with leave to amend as set forth below.

I       Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

II      Legal Claims

Plaintiff's amended complaint fails to set forth facts regarding what actions of each Defendants violated his constitutional rights.

A complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights fails to meet the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure. *Hutchinson v. United States,* 677 F.2d 1322, 1328 n.5 (9th Cir. 1982). District courts must afford pro se prisoner litigants an opportunity to amend to correct any deficiency in their complaints. *Lopez v. Smith,* 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en

banc).

Plaintiff's complaint fails to provide a short and plain statement regarding each claim: the specifics regarding the mistreatment he suffered, how it violated his constitutional rights, whether he suffered any injury as a result, and the specific conduct of each individual Defendant that he asserts is responsible for a constitutional violation. Plaintiff must specifically identify what each named Defendant did or did not do in order to state a claim against them. As such, Plaintiff will be granted leave to amend to allege specifics. Plaintiff must complete the Court's complaint form, which will be provided to him with this order.

In his amended complaint, Plaintiff must establish legal liability of each person for the claimed violation of his rights. Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. *Leer*, 844 F.2d at 634.

Without this basic information, the complaint cannot proceed. The complaint need not be long. In fact, a short and clear statement with regard to each claim listing each Defendant's actions regarding that claim is preferable. The amended complaint should comply with Rule 8 and provide a more coherent and a less verbose and argumentative recitation of the claims regarding each alleged constitutional violation. Accordingly, the complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff will be provided with thirty days in which to amend to correct the deficiencies in his complaint.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The complaint is DISMISSED WITH LEAVE TO AMEND, as indicated above.

1  Plaintiff shall file an amended complaint within ***thirty (30) days from the date of this order***
2  in which he asserts factual allegations against all Defendants named therein. The
3  amendment must include the caption and civil case number used in this order and the words
4  "COURT ORDERED AMENDED COMPLAINT" on the first page.  Failure to amend
5  within the designated time will result in dismissal of the complaint.

6        2. Plaintiff is advised that an amended complaint supersedes the original complaint.
7  "[A] plaintiff waives all causes of action alleged in the original complaint which are not
8  alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th
9  Cir. 1981).  Defendants not named in an amended complaint are no longer defendants. *See*
10 *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992).

11       3.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court
12 informed of any change of address and must comply with the Court's orders in a timely
13 fashion.  Failure to do so may result in the dismissal of this action under Federal Rule of
14 Civil Procedure 41(b).

15       IT IS SO ORDERED.

16 DATED: September 21, 2010

17       *[signature: Jeffrey S. White]*
18       JEFFREY S. WHITE
      United States District Judge

|     |     |
| --- | --- |
| 1   | UNITED STATES DISTRICT COURT |
| 2   | FOR THE |
| 3   | NORTHERN DISTRICT OF CALIFORNIA |

TROY ANDERSON,

        Plaintiff,

  v.

CA STATE OF et al,

        Defendant.

Case Number: CV09-03310 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 21, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Troy Anderson #V57236
301 Georgia Street
Suite 215
Vallejo, CA 94590

Dated: September 21, 2010

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk